DIAMOND McCARTHY LLP
Charles M. Rubio
Sheryl P. Giugliano
295 Madison Ave, 27th Floor
New York, NY 10017
Tel: (212) 430-5400
crubio@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

*Proposed Counsel to Ponderosa-State Energy, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

PONDEROSA-STATE ENERGY, LLC,          Case No. 19-13011 (JLG)

    Debtor.                                          Chapter 11

--------------------------------------------------------x

PONDEROSA-STATE ENERGY, LLC,

    Plaintiff,                                       Adv. No. 19-01375 (JLG)

    v.

MOLORI ENERGY, INC.,

    Defendant.
--------------------------------------------------------x

## **PLAINTIFF'S EX PARTE MOTION TO AMEND SUMMONS**

Ponderosa-State Energy, Inc. ("Plaintiff") respectfully submits this Motion to Amend Summons under Federal Rule of Civil Procedure 4(a)(2) and supporting declaration of attorney Charles M. Rubio. An amended summons is needed because the current summons will expire before it can be served on the defendant, Molori Energy, Inc. ("Molori").

Molori is a foreign corporation based in British Columbia, Canada. Canada is a signatory to the Hague Service Convention, which provides for service via each signatory country's "Central Authority." *See* Art. 5, Convention of 15 November 1965 on the Service Abroad of

1

Judicial and Extrajudicial Documents in Civil or Commercial Matters.[1]

Here, the Central Authority in British Columbia has informed Plaintiff's counsel to allow two months to effectuate service. (Rubio Decl. ¶ 2.) But the current summons issued by the Clerk on October 21, 2019 demands a responsive pleading within only 30 days after the "issuance" of the summons. (*Id.*, Ex. A.) Thus, the current summons will expire after November 20, 2019, well before it can be served. Moreover, Molori's counsel in the United States refused to accept service. (*Id.* ¶ 3.)

Therefore, an amended summons is needed that allows Molori adequate time to respond. The amended summons should begin to expire only after *service* of the summons, not *issuance* of the summons.

WHEREFORE, Plaintiff respectfully requests that the Court direct the Clerk of Court to issue an amended summons replacing the current language of the summons—"within 30 days after the date of issuance of this summons"—with language requiring a responsive pleading "within 21 days after the date of service of this summons."

Dated: New York, New York
November 15, 2019

Respectfully submitted,

DIAMOND MCCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
Sheryl P. Giugliano
295 Madison Ave., 27th Fl.
New York, NY 10017
Tel: (212) 430-5400
crubio@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

*Proposed Counsel to
Ponderosa-State Energy, LLC*

---

[1] The text of the Convention is available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17.